IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

UNITED STATES OF AMERICA
Plaintiff

vs

1) OSCAR DE-LEON-GARCIA
2) ALFREDO AYALA-FERRER
Defendants

CRIMINAL 06-0237CCC

**O R D E R**

      Defendant Ayala-Ferrer was charged in a three-count indictment and entered a plea of guilty before U.S. Magistrate-Judge Justo Arenas to Count Two pursuant to a specific type plea agreement under Rule 11(c)((1)(C). Count Two charges that defendant Ayala-Ferrer and co-defendant Oscar de León-García, aiding and abetting each other on or about June 14, 2006, knowingly and unlawfully possessed two firearms, to wit: one semi-automatic 9mm Glock pistol, model 19, serial number BGV380, loaded with ten (10) rounds in the magazine and one fully automatic 9mm, Smith & Wesson pistol, model 5906, serial number VZE-2522, during and in furtherance of a drug trafficking crime in violation of 18 U.S.C. §924(c)(1)((A)(i), (b)(ii) and 2. The Plea Agreement (docket entry 28) correctly sets forth in its paragraph 1 the factual allegations of Count Two referring specifically to the two firearms described above and referring to the statutory penalty for this count as a term of imprisonment of not less than thirty years. Title 18 U.S.C. §924(c)(1)(B)(ii) provides that any person who in furtherance of a drug trafficking crime possesses a firearm, shall, in addition for the punishment provided for the drug trafficking crime, be sentenced to a term of imprisonment of not less than thirty years if the firearm is a machine gun. The term machine gun, as defined in 26 U.S.C. 845(b), means any weapon which shoots, is designed to shoot, or can be readily restored to shoot, automatically, more than one shot, without manual reloading, by a single function of the trigger.

      The parties' sentencing guidelines calculations only mention the following at paragraph 7: "Count Two - Guideline sentence determined by statute ---- 60 months." At paragraph 8

they set forth what would be the Court's sentence if the plea agreement were accepted, that is sixty months of imprisonment. The statement of facts stipulated by the parties makes no mention whatsoever to the possession of a machine gun in furtherance of a drug trafficking crime by defendant Ayala-Ferrer. It mentions only that when the police officers initially entered an apartment which had been searched "defendant was overheard telling the owner of the apartment to hide his gun, a Glock .9mm semi-automatic pistol . . . [t]he owner of the apartment claimed the Glock pistol and the drugs . . . [d[efendant was present supporting the activities."

Neither the statement of facts, nor the specific sentence to which the parties have agreed to, take into account the machine gun charged in Count Two. The Plea Agreement conveniently excises such weapon which would trigger a mandatory term of imprisonment of not less than thirty years under the statute.

Having considered the allegations of the Indictment and the conditions of the Plea Agreement as well as the version of facts, the Court REJECTS the specific-sentence type plea agreement filed by the parties (docket entry 28) pursuant to Fed.R.Crim.P. 11(c)(1)(C). Defendant Ayala-Ferré is GRANTED until MARCH 28, 2007 to withdraw his plea of guilty.

SO ORDERED.

At San Juan, Puerto Rico, on March 15, 2007.

S/CARMEN CONSUELO CEREZO
United States District Judge